UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ERIC GUESS,                          )
                                     )
            Petitioner,              )
                                     )
      vs.                            )   Case No. 2:11-cv-253-JMS-MJD
                                     )
PROGRAM DIRECTOR BECKY               )
 BENNETT,                            )
                                     )
            Respondent.              )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Eric Guess ("Guess") for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Guess is serving the executed portion of sentences imposed following his convictions in an Indiana state court for aggravated battery, battery with bodily injury, and domestic battery. *See Guess v. State*, No. 49A02-0611-CR-1010 (Ind.Ct.App. Aug. 3, 2007). The evidence favorable to the jury's verdicts has been summarized as follows:

> On December 31, 2005, Rachelle and Eric Guess rented a hotel suite at the Keystone at the Crossing Sheridan House to celebrate the New Year as well as their reconciliation following a four-month separation. The following night, the couple brought their one-year-old daughter and Rachelle's thirteen-year-old daughter to the hotel to spend the night with them.

> While Rachelle was sitting on the bed in a t-shirt and underwear holding her one year-old daughter, Guess began yelling about her teenaged daughter's cell phone use. Rachelle's older daughter had been the source of problems for the Guesses in the past, and Rachelle told Guess that she was not going to leave her children for him, the reconciliation was not going to work, and she was going to divorce him. Guess responded by hitting Rachelle in the face with his fist at least ten times. When Guess slipped while throwing a punch, Rachelle slid across the bed with her daughter and ran out the door. Both Rachelle and her daughter were covered in blood. A hotel worker saw them in the hallway and quickly put them in an elevator and took them to the hotel lobby.
>
> When the police arrived at the scene, they apprehended Guess in the parking lot. Guess told the officers that he had "smacked the shit out of [Rachelle] and held her down against her will." Transcript at 48. Rachelle was rushed to the hospital where she was diagnosed as suffering from a medical orbital fracture, which is a fractured eye socket. Rachelle's eye was swollen shut and she was unable to see out of it until she had surgery to repair the socket. The surgery included the removal of soft tissue and insertion of an implant to guide the scar tissue in its regeneration of the area.

*Id.* at pp. 2-4. Guess sought transfer to the Indiana Supreme Court. That petition was denied on October 18, 2007.

The trial court's subsequent denial of a petition for post-conviction relief was affirmed on appeal in *Guess v. State*, No. 49A05-1004-PC-281 (Ind.Ct.App. Dec. 22, 2010).

In his direct appeal (and the petition for transfer following the appellate decision), Guess presented challenges to the sufficiency of the evidence, jury instructions, and the appropriateness of his sentence. In the appeal from the denial of post-conviction relief, Guess presented claims that the trial court failed to enforce an order requiring the State to produce the trial record, the trial court failed to approve subpoena for trial counsel for the second hearing, the trial court failed to allow Guess's amended claims, and the trial court made numerous errors in the post-conviction action which changed the outcome of the hearing. After the denial of post-conviction relief had been affirmed on appeal, Guess sought transfer to the Indiana Supreme Court, claiming

that the trial court had committed myriad errors during post-conviction review. On July 19, 2011, the Indiana Supreme Court denied transfer.

Guess then filed this action for habeas corpus relief on September 23, 2011. He asserts the claims that he was denied the effective assistance of counsel at trial, in his direct appeal, and in the post-conviction relief. The respondent opposes issuance of the writ Guess seeks. The record has been appropriately expanded.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). ABefore a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust h[is] state remedies, presenting h[is] claims fully and fairly to the state courts.@ *Howard v.*

*O=Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. ' 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel,*119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. Discussion

#### A. Procedural Default

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the

petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

Two of the habeas claims are the claims of ineffective assistance of counsel at trial and ineffective assistance of counsel in the direct appeal.

As to the former, the Indiana Court of Appeals concluded that Guess had not presented a claim of ineffective assistance of counsel at trial in his petition for post-conviction relief. *Guess v. State*, No. 49A05-1004-PC-281, at p. 6. Guess has therefore committed procedural default as to the claim that of ineffective assistance of counsel at trial. *See Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)").

As to the latter, it was rejected by the trial court on pages 5-7 of that court's findings of fact and conclusions of law, but was not included in the errors argued in the appeal from the denial of the post-conviction relief petition. Guess has therefore committed procedural default as to the claim of ineffective assistance of counsel in the direct appeal.

As to both claims, moreover, Guess committed a second layer of procedural default by not including either claim in his petition to transfer filed on or about May 11, 2011. *See Lewis v. Sternes,* 390 F.3d 1019, 1025–26 (7th Cir. 2004) (a petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

Guess makes an effort to show cause and prejudice. Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 282 (1999). Here, Guess failed to properly follow state procedural rules in assembling evidence to support his claims in the post-conviction proceeding. Nothing in the record before the Court indicates that an objective factor prevented him from doing so. The failure to properly develop an adequate post-conviction record lies with Guess himself. He has failed to establish cause for his multiple procedural defaults.

### B. Non-cognizable Claim

The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (internal citations and quotations omitted). Thus, "[t]o say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

The third habeas claim Guess presents is that the post-conviction relief proceedings were mishandled. However, errors at post-conviction do not present a cognizable basis for relief under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus

relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

The claim of error in the post-conviction proceeding is not cognizable here and thus does not warrant the habeas relief Guess seeks.

### IV. Conclusion

This Court has carefully reviewed the state record in light of Guess' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Guess has encountered the hurdles of presenting a non-cognizable claim under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Guess has failed to show that reasonable jurists would find it "debatable whether [this court] was

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

  **IT IS SO ORDERED.**


Date: _05/01/2013_____

                _____
                Hon. Jane Magnus-Stinson, Judge
                United States District Court
                Southern District of Indiana


Distribution:

All Electronically Registered Counsel

Eric Guess
No. 904994
675 E. Washington Street
Indianapolis, IN 46204